TIDE WATER OIL COMPANY V. JOEL R. BOND ET AL.

No. 7493. Decided February 19, 1941.
(148 S. W., 2d Series, 193.)

Y. P. Broome, of Tulsa, Okla., W. H. Sanford and Conan Cantwell, both of Dallas, for relator.

*B. J. Wynne,* of Wills Point, for respondent.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

The original opinion in this case was reported in 135 Texas 334, 143 S. W. (2d) 751. Therein it is shown that the opinion of the Court of Civil Appeals in this case, wherein it was held that venue of the cause was controlled by Subdivision 13 of Article 1995 of the Revised Statutes, was in conflict with the decision in the case of Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113, as amplified and reaffirmed in the case of Pena et al v. Sling et al, 135 Texas 200, 140 S. W. (2d) 441. We did not order mandamus to issue immediately, on the theory that perhaps the trial court was authorized to make a finding of fact that in reality no question affecting title to land was involved. The matter was referred to the Court of Civil Appeals with the following direction:

"Said court is therefore directed to again review its decision in light of the law as now settled by the Supreme Court, and in the light of the facts adduced upon the hearing on the plea of privilege. If that court shall conclude from a consideration of the evidence that a question affecting title, such as is comprehended by Subdivision 14 of Article 1995, is involved, and will reverse its decision and remand the case to the District Court of Rusk County, no formal writ of mandamus will issue. If the court shall conclude from the evidence that no question con-concerning title to land is involved, under the rule concerning burden of proof as announced in the case of Pena v. Sling, and shall furnish this Court with supplemental opinion disclosing its holding in that respect, no formal writ will issue."

We have been furnished with a supplemental opinion by the Court of Civil Appeals. Sixteen pages of this opinion are devoted to an exhaustive discussion of the law, whereby the court seeks to justify and demonstrate the correctness of its prior opinion. After such discussion the court concludes its opinion with the following:

"That the plaintiffs and the defendants are co-tenants, is not controverted; however, a controversy having arisen as to the interest or share the parties owned in the property sought to be partitioned, the present suit ensued. The answer of the defendant Company, while admitting the facts of co-tenancy, claimed to own a larger interest or share in the property than was conceded in plaintiffs' petition. We think the suit was

brought in perfect good faith, plaintiffs believing their allegations to be true; also, we find that the contention of the Company, as to the share or interest owned by it in the property, was urged in good faith. It appears that, some time prior to the institution of the suit, and before the controversy between the parties assumed definite shape, an amicable partition of the property was in contemplation. On the trial, voluminous documentary evidence was introduced by each party, bearing more or less upon their respective contentions. We have no way of knowing the conclusions reached by the trial judge from the evidence, other than as implied from the judgment rendered in favor of plaintiffs, which we affirmed, and which we are requested to reconsider; the Supreme Court saying that, if we 'shall conclude from a consideration of the evidence that a question affecting title, such as is comprehended by Subdivision 14 of Article 1995, is involved,' and will reverse our decision and remand the cause to the District Court of Rusk County, no formal writ of mandamus will issue.

"Responding directly to this language, we beg to respectfully say that, in view of what has been written in the preceding pages of this opinion, we cannot consistently hold that, a question affecting title, such as is comprehended by Subdivision 14 to Article 1995, is involved; therefore, decline to reverse our former decision; on the contrary, reaffirm all that was said and decided in our original opinion."

In the original opinion we said "that the Court of Civil Appeals' opinion appears to have been based entirely upon its construction of the statute, and not upon a finding that the suit did not in fact involve a question concerning title to the land." We are now convinced of this, and are of the opinion that the statement above quoted clearly shows that a question of title is involved.

The writ of mandamus as prayed for will therefore issue. The Court of Civil Appeals is requested to transmit with its certificate the statement of facts containing evidence heard upon the motion for a change of venue.

Opinion adopted by the Supreme Court February 19, 1941.