MRS. J. H. GILBERT ET AL V. ROY J. GILBERT ET AL.

No. A-897. Decided June 19, 1946.
Rehearing overruled July 17, 1946.
(195 S. W., 2d Series, 936.)

*Herbert Oliver,* of San Antonio, and *L. B. Cooper,* of Cotulla, for appellant, Mrs. J. H. Gilbert.

Venue in a suit for partition of personal property lies in the county where the property is situated. Downing v. Slattery, 144 S. W. (2d) 371; Pearson v. Black, 118 S. W. (2d) 829; Hammond v. Clayton, 17 S. W. (2d) 95.

*Bismark Poe* and *Horace C. Hall,* both of Laredo, for appellees.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a plea of privilege case to determine the proper venue of a suit alleged to be for the partition of personal property, and involves the construction of Subdivision 13 of Article 1995, Vernon's Annotated Civil Statutes. The property involved is a truck line, alleged to be part of the estate of J. H. Gilbert, deceased, which is being used by one of his sons, Roy J. Gilbert. Suit was instituted in the 73rd District Court of Bexar County by Mrs. J. H. Gilbert, survising widow of J. H. Gilbert, joined by another son, John, against Roy J. Gilbert, a resident of Webb County, and other defendants, three of whom reside in Bexar County. It was alleged, and the proof showed, that part of the assets of the truck line were in Bexar County. Roy J. Gilbert duly filed a plea of privilege to be sued in Webb County, where he resided, it being his contention that the suit was in truth not an action for partition of personal property, but for the recovery of personal property, which he claimed to own adversely and exclusively. The trial court sustained his plea and directed the cause removed to Webb County. The majority of the Court of Civil Appeals at San Antonio, believing that the case was properly brought in Bexar County, is of the view that the trial court erred in sustaining the plea of privilege; but because of a dissent by Justice Norvell, that court has certified to this Court the following two questions:

"1. Should the so-called third paragraph of Subdivision 13, Article 1995, Vernon's Ann. Civ. Stats., reading as follows: 'or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property or seeks to recover the title to the same' be construed, when considered in the light of all the facts in this case, as giving Webb County exclusive venue of the cause, thus requiring the sustaining of appellants' plea of privilege?"

"2. In view of all the facts and circumstances of this case, did the majority of this court err in holding that the nature of the suit was determinable by reference to plaintiffs' petition alone?"

Question No. 1 involves the construction of Subdivision 13 of Article 1995, which reads:

"Partition.—Suits for the partition of land or other property may be brought in the county where such land or other property, on a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing here-

in shall be construed to fix venue of a suit to recover the title to land."

■ The petition of Mrs. J. H., and John Gilbert alleges that three defendants, Felix Gilbert, Inez (Gilbert) Cozby and her husband, C. L. Cozby, reside in Bexar County, and that the other defendants, including Roy Gilbert, reside in Webb County; that Mrs. Gilbert was the surviving widow of J. H. Gilbert (Sr.), who died intestate in 1930; that no administration was had on his estate; and that plaintiff John H., and defendants Felix, Roy, and Joe Lee Gilbert, and Inez (Gilbert) Cozby are the surviving children, all of whom are now adults.

The petition states that plaintiffs and defendants are joint owners of what was formerly known as the J. H. Gilbert Truck Line, now being operated as the Roy J. Gilbert Truck Line between San Antonio and Laredo. It describes the Railroad Commission permits used and the trucks now being operated. It then states that the truck line has other equipment and assets, the extent of which is unknown to plaintiffs, and that such properties are located in Bexar, LaSalle, and Webb counties.

The petition alleges that Mrs. Gilbert, as community survivor, owns an undivided one-half, and that each of the surviving children, above named, owns an undivided one-tenth interest in the property, which is valued at over $100,000.00. The prayer is for partition and division of the property; or, if it be not susceptible of partition, that it be sold and the proceeds divided.

The plea of privilege of defendant Roy Gilbert, joined by his wife, sets out that they are residents of Webb County; that none of the property is located in Bexar County; that if any of such property is within Bexar County, it is there only temporarily, and that all of the property has its situs in Webb County. It states that Roy Gilbert does not, and never did, claim any of the property of his father's estate, and that none of the property held by him was ever a part of such estate. He pleaded that all of the property of his truck line came into his possession subsequent to his father's death, and independently of the estate. He claims that any interest of the estate in his line is barred by the two-year statute of limitations. The plea concluded with the assertion that the defendants sued in Bexar County were fraudulently made defendants for the purpose of conferring venue in Bexar County; that each of such defendants claims only

a child's share, and that their theory of ownership is friendly to the plaintiffs and against him. The prayer is that the suit be moved to Webb County.

The controverting affidavit of plaintiffs repeats that the suit is one for the partition of personal property, brought in the county where part of the property is located, and in which three necessary parties defendant reside. The original partition was adopted, referred to, and appended.

On the hearing of the plea of privilege there was testimony that the suit was brought for partition of the properties of the truck line. The heirship of J. H. Gilbert was proved to be as alleged, and three of the defendants were proved to be residents of Bexar County. No fraud on the part of plaintiffs was shown in making two of the children who resided in Bexar County defendants. It was proved that the defendants Felix Gilbert and Mrs. Inez (Gilbert) Cozby each claimed an undivided one-tenth interest in the truck line by virtue of their heirship from their father. Both testified that the first time they knew of Roy's adverse claim was some six months before the trial, when Roy attempted to get their signatures on some papers, which they refused to sign. There was testimony that the truck line continued to operate continuously after J. H. Gilbert's (Sr.), death, with Roy Gilbert in charge of it. At the time of Mr. Gilbert's death, in 1930, the line had three trucks and a certificate of convenience from the Railroad Commission. The testimony showed that two of the trucks later burned out, and the third was repossessed for failure to make timely payments thereon. The certificate was misplaced in 1931. Nevertheless, the testimony is that the line continued to operate up to the present time.

Of the property of the present bus line, it was shown that there was maintained a small leased warehouse in Bexar County, which was used for storage. Some three to ten trucks operate in and out of San Antonio, in Bexar County, and some trucks are kept there for deliveries and to make pickups. These trucks were withdrawn from time to time to Laredo for servicing and so forth, but some of the trucks stayed in Bexar County most of the time. The line also had a billing machine, a safe, a typewriter, and a pair of scales in Bexar County, and maintained a bank account at the Frost National Bank in San Antonio for depositing purposes.

■ Subdivision 13, hereinbefore set out, provides that suit may be brought, (1) where the property or any part thereof may be,

*or* (2), in the county in which one or more of the defendants reside, *or* (3), in the county of the residence of any defendant who may assert an adverse interest in such property or seek to recover the title to the same. By merely joining the three alternatives with the word "or," the legislature clearly intended that the plaintiff might choose which alternative he would seek to bring his suit under. We find nothing in Subdivision 13, nor in any other statute, which makes any one of the alternatives exclusive or dominant. Had the legislature so intended, it could have easily so provided.

On the hearing of the plea of privilege the undisputed evidence was that the property involved was personal property; that part of such personal property was located in Bexar County; and, further, that three defendants resided in Bexar County. No fraud on the part of the plaintiff, or on the part of any of the defendants, as to venue facts, was shown. Proof of the above venue facts, together with the allegations of the petition, was sufficient to sustain venue in Bexar County.

The first question is answered, "No."

With reference to Question No. 2, it is well-settled as a general rule that proof of the nature of a suit is to be determined from the allegations of plaintiff's petition. As stated in Stockyards National Bank v. Maples, 127 Texas 633, 95 S. W. (2d) 1300:

"Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of an action.'"

This rule is well-established by the decisions of this State: Tennessee Gas & Transmission Co. v. Heard, 190 S. W. (2d) 518; Oakland Motor Car Co. v. Jones, 29 S. W. (2d) 861, mandamus denied, Jones v. Hickman, 121 Texas 405, 48 S. W. (2d) 982; Sims v. Trinity Farm Construction Co., 28 S. W. (2d) 856; Highway Motor Freight Line v. Slaughter, 84 S. W. (2d) 533; City of Corpus Christi v. Live Oak County, 103 S. W. (2d) 226; Congleton v. Mundet & Son, 43 S. W. (2d) 1111; Yates v. State, 3 S. W. (2d) 114; Commercial Standard Ins. Co. v. Lowrie, 49 S. W. (2d) 933, writ refused; and many others. See also 43 Tex. Jur., 846.

This Court has held that in an ordinary case where land is involved, mere allegations in the petition that the suit is one

for partition is not sufficient to sustain venue under Subdivision 13 where it is made to appear in a plea of privilege that a question of title is involved. In such a case it has been held that the plaintiff must show affirmatively by proof that no title dispute is involved. Pena v. Sling, 135 Texas 200, 140 S. W. (2d) 441, 128 A. L. R. 1223; Herrington v. McDonald, 141 Texas 441, 174 S. W. (2d) 307; Goolsby v. Bond, 138 Texas 485, 163 S. W. (2d) 830; Shell Petroleum Corp. v. Grays, 122 Texas 491, 62 S. W. (2d) 113; Tide Water Oil Co. v. Bond, 135 Texas 334, 143 S. W. (2d) 751, Id., 136 Texas 127, 148 S. W. (2d) 193; and Tide Water Oil Co. v. Bean, 138 Texas 479, 160 S. W. (2d) 235.

But these latter cases are distinguishable, in that they have for their bases the fact that where there is a statutory action for partition of real estate under Article 6082, et seq., Vernon's Annotated Civil Statutes, the trial court in such suit, under Article 6086, has the power to determine "all questions of law or equity affecting the title to such land * * *." Subdivision 14 of Article 1995 is mandatory, and says that suits for the recovery of land or damages thereto, and so forth, *must* be brought in the county in which the land, or a part thereof, is situated. Further emphasis is laid in the above cases on the fact that the closing sentence of Subdivision 13 provides: "Nothing herein shall be construed to fix venue of a suit to recover title to land."

But such is not the case with personal property. The only other subdivision of Article 1995 dealing specifically with personal property as such is Subdivision 10, which provides that a suit for the recovery of personal property may be brought in any county "where the property may be or where the defendant resides." We think suits for the partition of personal property are governed by the general rule announced in Stockyards National Bank v. Maples, supra.

The second question is therefore answered, "No."

Opinion delivered June 19, 1946.

Rehearing overruled July 17, 1946.