## PEMBERTON et al. v. LEATHERWOOD et al.

### No. 2718.

Court of Civil Appeals of Texas. Eastland.
March 4, 1949.

Rehearing Denied April 1, 1949.
Second Motion for Rehearing Denied April 15, 1949.

See also 218 S.W.2d 500.

Aubrey G. Alexander, of Fort Worth, and G. H. Williamson, of Stephenville, for appellants.

C. O. McMillan and Joseph A. Chandler, both of Stephenville, for appellees.

GRISSOM, Chief Justice.

H. L. Pemberton and others filed this suit in the County Court of Erath County to partition the residue of the estate of Henry O. Pemberton, deceased. Plaintiffs alleged they were all of his heirs and that they were each entitled to a one-fifth interest in said estate. A. C. Leatherwood and others were defendants. Plaintiffs alleged that defendants had or claimed some interest in the properties belonging to the estate "which claim or interest therein, if any, was acquired while administration was pending on said estate and subject to said administration proceedings." Plaintiffs also alleged that the nature of defendants' interest or claims was unknown to plaintiffs but defendants were made defendants so that they could set up the interests claimed by them.

A. C. Leatherwood filed a plea to the jurisdiction of the court to partition the real estate in which he owned an undivided interest, describing four tracts. He alleged, and the evidence showed conclusively, that as to the third and fourth tracts mentioned in said plea he owned an undivided interest in said lands with Henry O. Pemberton in his lifetime and since his death he has owned same jointly with said estate. He alleged that the county court had no jurisdiction to partition said land between the heirs of the estate and said co-owner, who had been a tenant in common with their ancestor. He alleged that the district court alone had jurisdiction to partition said land. The evidence showed, as he alleged, that A. C. Leatherwood acquired his interest in tracts one and two, mentioned in said plea to the jurisdiction, by purchasing the interest of some of the heirs during the administration of said estate. He alleged that his grantors to tracts one and two were estopped to seek partition in the county court by virtue of the execution of their deeds to him, which were warranty deeds to their interests in said specific tracts. A. C. Leatherwood was not an heir of deceased. He did not acquire his undivided interest in tracts three and four while the estate was being administered in the county court. He acquired same prior to Henry O. Pemberton's death. The grantors to tracts one and two, in their deeds stated and alleged in their original petition that the interest of some of said grantors of A. C. Leatherwood was one-fourth and the interest of others one-sixth. In a supplemental petition they alleged that the interest of each of said heirs and grantors of A. C. Leatherwood was one-fifth. A. C. Leatherwood thereupon filed a supplemental plea to the jurisdiction of the county court in which he asserted that they had thereby raised an issue of title that the county court did not have jurisdiction to determine. See Tide Water Oil Co. v. Bond, 136 Tex. 127, 148 S.W.2d 193, 195. The county court overruled A. C. Leatherwood's plea to the jurisdiction, partitioned the land and he appealed to the District Court. The District Court sustained his plea to the jurisdiction, rendered judgment that plaintiffs take nothing and they have appealed.

The probate court did not have jurisdiction to partition the land of A. C. Leatherwood which he owned jointly with Henry O. Pemberton in his lifetime. As to said lands Leatherwood was a co-tenant with the estate and, of course, his interest therein was never a part of the estate and the probate court had no jurisdiction over it. Cyphers v. Birdwell, Tex.Civ.App., 32 S.W.2d 937, 940 writ ref.; Feliczak v. Kopycinski, Tex.Civ.App., 153 S.W.2d 329, 331; Murphey v. Murphey, Tex.Civ.App., 131 S.W.2d 158, 160; Simpson v. Booth, Tex.Civ.App., 163 S.W.2d 1080, 1085; 32 Tex.Jur., 179. See also Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., 136 Tex. 158, 166, 125 S.W.2d 263, 267, 146 S.W.2d 723, 724; Ward v. Hinkle, 117 Tex. 566, 8 S.W.2d 641, 645; Thomas v. Southwestern Settlement & Development Co., 132 Tex.

413, 123 S.W.2d 290, 297. If the county court did not have jurisdiction to partition the land owned by A. C. Leatherwood as a co-tenant with the estate, the district court on appeal had no such jurisdiction and the district court was correct in sustaining the plea to the jurisdiction.

The district court sustained the plea and rendered judgment that plaintiffs take nothing. The judgment is reformed so that the case is dismissed for want of jurisdiction and the judgment ordered certified to the county court for observance.

The judgment is reformed and affirmed.

## On Motion for Rehearing.

Appellants assert in their motion for rehearing that they have "always recognized" that "the probate court, and the district court on appeal, has no jurisdiction to partition lands between the estate and a stranger owning a joint interest as tenant in common with the estate." As we understand the record, they obtained a judgment in the county court partitioning land owned jointly by them, and A. C. Leatherwood which they acquired as heirs of H. O. Pemberton, and in which Leatherwood acquired his interest during the life time of H. O. Pemberton. In other words, appellants procured a judgment of the probate court partitioning the land owned by the Pemberton estate and A. C. Leatherwood as tenants in common. Leatherwood's interest was not acquired as an heir or from an heir. Appellants, heirs of H. O. Pemberton, filed their petition in the county court seeking partition of said estate. They alleged that A. C. Leatherwood claimed an interest in the properties of the estate; that such interest was acquired while administration was pending and subject to said proceedings, having acquired his interest through deeds from some of the appellants; that the exact nature of Leatherwood's interest was unknown to appellants but he, and others, were made parties defendant "so that they can plead and set up their interest * * *" They prayed that A. C. Leatherwood be cited to show cause why a partition of the estate should not be made "among the heirs thereof and among those interested in said estate * * *" A. C. Leatherwood filed a plea

to the jurisdiction of the probate court. He alleged, among other things, and the record shows, that he acquired his interest in a certain tract prior to the death of H. O. Pemberton and owned such interest jointly with H. O. Pemberton in his life time and jointly with the estate since Pemberton's death; and that since his purchase he had been in possession thereof; that the county court had no jurisdiction to partition land between the heirs of an estate and a co-owner, who did not acquire his interest as an heir, and that the district court had exclusive jurisdiction to partition same.

The county court overruled Leatherwood's plea to the jurisdiction and rendered judgment adjusting equities and partitioning, among others, the land so owned jointly by the estate and A. C. Leatherwood. A. C. Leatherwood appealed to the district court.

The district court concluded that the probate court did not have jurisdiction to partition said land between the Pemberton heirs and a co-owner who had acquired title prior to the death of H. O. Pemberton and sustained Leatherwood's plea to the jurisdiction of the probate court. The heirs appealed and asserted in this court, in the fifth point in their brief, the following:

"The court erred in its conclusion of law that the probate court does not have jurisdiction of the proceeding to partition land between heirs and a co-owner, who acquired title prior to the death of the decedent, in the administration of whose estate such partition is sought."

Appellants' present position appears to be directly contrary to the position taken in the trial courts and in the fifth point of their brief in this court. Appellants now assert that the probate court has exclusive jurisdiction to partition the estate's land, including only the estate's interest in said tract owned jointly by Leatherwood and appellants, in which A. C. Leatherwood acquired his interest during the life of H. O. Pemberton. That is not the question passed on by the trial courts, nor the theory on which the case appears to have been tried. Leatherwood clearly asserted, among other things, that the probate court could

not partition said land owned jointly by him and the estate, where he had not acquired his interest as or through an heir. No pleading was filed asserting that appellants were not seeking a partition of Leatherwood's interest in said tract so acquired. The probate court overruled Leatherwood's plea and partitioned said land, including A. C. Leatherwood's interest. The district court refused to do so and appellants complained here of such refusal.

The motion for rehearing is overruled.