## CARTER v. CLARK.
### No. 2893.

Court of Civil Appeals of Texas. Eastland.
Sept. 28, 1951.

Hutchins & Hutchins, Tyler, for appellant.

Willard K. White, Cisco, for appellee.

LONG, Justice.

Raymond Clark instituted this suit against Barney Carter in the District Court of Palo Pinto County. Carter filed his plea of privilege to be sued in Smith County, the county of his residence. Clark controverted said plea and sought to hold venue in Palo Pinto County under Subdivision 13 of Art. 1995, Vernon's Annotated Revised Civil Statutes. The trial court overruled the plea of privilege. Carter has appealed.

Subdivision 13 of Art. 1995 provides, in part, that suits for the partition of land or other property may be brought in the county where such land or other property or part thereof may be. To maintain venue in Palo Pinto County, it was necessary for appellee to show that his suit was for partition of property and that such property or part thereof was located in Palo Pinto County.

Our Supreme Court, in Gilbert v. Gilbert, 145 Tex. 114, 195 S.W.2d 936, 938, held that suits for partition of personal property are covered by the general rule announced in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The court said in that case: "Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of the action.'"

Appellee established that part of the personal property involved is situated in Palo Pinto County. He alleged in his petition and controverting affidavit that on or about October 17, 1945, he and appellant entered into a written contract, the terms of which were to the effect that defendant sold plaintiff a one-fourth interest in a certain number of cattle, feed and farm implements; that under the terms of said contract, no partition or division of the cattle could be made until the expiration of four years from the date of the contract, except by mutual agreement; that the parties had not entered into any agreement and that there had been no partition of the property; that he is now entitled to a partition and division of the property. Appellee prayed for partition of the property. We believe the nature of the cause of action as shown by the petition is for the partition of personal property. This being true, and the appellee having established that part of the property is located in Palo Pinto County, he met the burden required of him under the law and the court properly overruled appellant's plea of privilege.

Appellant contends that under the terms of the contract appellee was not entitled to a partition of the property. This is a matter to be determined on a trial of the case and has no place in a hearing of the plea of privilege. This court recently, in the case of Hearn v. Frazier, 228 S.W.2d 582, had occasion to pass upon a similar question. In that case, the suit was for possession of personal property. The facts were similar to the instant case. We held there that even though plaintiff's suit may be unfounded, still if the required venue facts are alleged and proved, the case is maintainable in the county where it is filed. We further held that a hearing upon issues made by the filing of the plea of privilege and controverting affidavit is limited to the issues determining venue and not the merits of the case.

The judgment of the trial court is affirmed.