**O'HAVER et ux. v. TURNER et al.**

**No. 3091.**

Court of Civil Appeals of Texas. Waco.

May 28, 1953.

Rehearing Denied June 18, 1953.

Sharpe, Cunningham & Garza, Brownsville, for appellants.

W. H. Betts, Hempstead, Spiner, Pritchard & Thompson, Houston, for appellees.

HALE, Justice.

This is an appeal from an order of the District Court of Waller County overruling a plea of privilege. The controlling question presented on the appeal is whether the suit out of which the venue proceeding arose is one for the partition of land within the meaning of subdivision 13 or one for the recovery of land within the meaning of subdivision 14 of Art. 1995, Vernon's Tex. Civ.Stats. If the suit is one for the partition of land and if it does not involve any disputed issue of title to any of the land in controversy, the order appealed from should be affirmed; otherwise, it should be reversed.

Appellees, Chester A. Turner and wife, hereafter referred to as the Turners, instituted suit in the District Court of Waller County on August 26, 1952, against appellants, E. N. O'Haver and wife, hereafter referred to as the O'Havers, Southern States Life Insurance Company, hereafter referred to as the Insurance Company or the Company, and R. L. Cowling sometimes referred to as Trustee. The Turners alleged in their verified petition, among other things, that by deed dated March 17, 1952, the O'Havers conveyed to them 2805.1 acres of land, more or less, situated in Cameron County, Texas, describing the same by

metes and bounds and attaching a copy of the deed to their petition as Exhibit "A"; that on April 2, 1952, the Turners executed and delivered to the Insurance Company and its Trustee a note in the principal sum of $102,500, due and payable in semiannual installments of $3,333.30 each, the first installment to become due and payable on September 20, 1952, and a similar installment to become due and payable each six months thereafter until the entire note was paid, together with a deed of trust covering the land in controversy as security for the payment of such note and they attached a copy of the deed of trust to their petition as Exhibit "B"; and that on or about April 3, 1952, the Turners executed and acknowledged an instrument in the nature of a deed dated March 17, 1952, which upon its face purported to convey to the O'Havers an undivided ½ interest in the lands in controversy and delivered such instrument or deed, a copy of which was attached to their petition as Exhibit "C", in escrow to Paul Y. Cunningham for delivery to the O'Havers only when Turner should thereafter instruct the said Cunningham to do so; that it was not the intention of the parties that such instrument should become effective as a conveyance until such time as Turner should instruct the escrow agent to deliver the same to the O'Havers; and that such instructions were never given and "notwithstanding there was no authority for any delivery of the foregoing instrument, the defendants, E. N. O'Haver and wife, Katherine O'Haver, or their attorney or agents, obtained possession of such instrument in some unauthorized manner and caused the same to be recorded in the Deed Records of Cameron County, Texas, on or about May 15, 1952."

The Turners further alleged that although no payment had become due under the terms of the note and deed of trust dated April 2, 1952, the Insurance Company was unlawfully asserting, or threatening to assert, a right to accelerate the maturity of the full principal sum of the note and that the Company was asserting, or threatening to assert, a right to demand that its Trustee proceed to sell the lands of the Turners under an alleged power of sale contained in the deed of trust and thereby "to disturb plaintiffs' possession of said lands and to cast a cloud upon their title thereto." They further alleged that the O'Havers owned an undivided interest in and to the lands in controversy prior to the time they executed and delivered to the Turners the deed dated March 17, 1952; and, notwithstanding the execution and delivery of such deed, it was agreed between the O'Havers, the Turners and the Insurance Company that the O'Havers, although they were thereby placing the legal title to the lands in the Turners, would nevertheless retain and did retain an equitable undivided one-half interest in such lands; that the lands were of the estimated value of $275,000; and that, by reason of the facts therein alleged, such lands were not susceptible of an equitable division or partition in kind, thereby making it necessary for the court to decree a sale of such lands in order that the proceeds to be derived from such sale might be applied to the payment of the note held by the Insurance Company and the remainder thereof divided between the Turners and the O'Havers. The prayer in their petition was as follows:

"Wherefore, Plaintiffs pray that defendants be cited to answer this petition; that defendants Southern States Life Insurance Company and R. L. Cowling, Trustee, be temporarily enjoined, and upon final hearing hereof they be perpetually enjoined, from accelerating the maturity of plaintiffs' $102,500.00 note and proceeding with, or making sale of plaintiffs' lands by reason of the execution and acknowledgment and/or delivery of that certain deed, copy of which is attached as Exhibit 'C' hereof; that they have judgment decreeing defendants E. N. O'Haver and wife, Katherine E. O'Haver, principally and primarily liable, and plaintiffs liable only as sureties to Southern States Life Insurance Company (or other holder) as to the one-half of all the obligations represented by the note of plaintiffs to said insurance company assumed by said defendants, E. N. O'Haver and wife, Katherine E. O'Haver, and the Deed of

Trust, copy of which is attached as Exhibit 'B'; that plaintiffs have judgment for partition between themselves and defendants, E. N. O'Haver and wife, Katherine E. O'Haver, of subject lands by sale, subject to or with payment therefrom of the aforesaid note of Southern States Life Insurance Company; and such other and further relief to which they may show themselves entitled, and for costs."

The Insurance Company and its Trustee answered the petition of the Turners with special exceptions, a general denial and a special denial that they ever agreed with the Turners or with the O'Havers that the latter were to retain or to have any equitable interest in the lands in controversy after they had executed and delivered to the Turners their deed of conveyance dated March 17, 1952, or that they had any knowledge until August 18, 1952 of any intention on the part of the Turners to reconvey to the O'Havers an undivided ½ interest in the lands as evidenced by their deed dated March 17, 1952 to the O'Havers. They further denied that any agreement was ever made by them, either with the Turners or the O'Havers, to accept the O'Havers as the primary obligor for one-half of the total amount of the indebtedness evidenced by the note and deed of trust in controversy. Their pleadings were verified by the oath of their attorney.

The O'Havers answered the petition of the Turners in the due order of their pleadings with verified pleas of privilege, in abatement and in bar. Their plea of privilege was grounded upon allegations to the effect that this is a suit for the recovery of lands and damages thereto, or to remove encumbrances from the title to such lands, within the meaning of subdivision 14 of Art. 1995 of Vernon's Tex.Civ.Stats.; that disputed issues of title to such lands are the principal issues involved in the case; that the lands in controversy lie wholly within Cameron County; and that no exception to exclusive venue in the county where the land in controversy lies, as provided by law, exists in the cause. They prayed that the Court sustain their plea and transfer the cause to a District Court of Cameron County, Texas. Subject to their plea of privilege, and without waiving the same, they repleaded the substance of the facts alleged in their plea of privilege by way of plea in abatement and of such plea they prayed judgment of the Court. And, without in any manner waiving their pleas of privilege or in abatement, they further interposed a general denial to the petition of the Turners and affirmatively alleged facts showing that venue and jurisdiction for the trial of the cause lies in Cameron County; that the consideration for the deed from the O'Havers to the Turners dated March 17, 1952 had partially failed; that the Turners had failed and refused to carry out the obligations imposed upon them as a part of the consideration for such conveyance to the damage of the lands in controversy in the total sum of $75,000; and they further alleged that the attempt on the part of the Insurance Company to declare the entire amount of its mortgage loan due and payable had cast a cloud and encumbrance on the title to the lands in controversy without justification either at law or in equity; and they prayed that, in addition to the relief requested in their previous pleas of privilege and in abatement, upon final hearing of the cause they have judgment against the Turners for $75,000 and against the Insurance Company removing the cloud on the title to their lands caused by the Company attempting to declare all of the mortgage loan due and payable, and for such further relief, at law or in equity, as they may be justly entitled to receive.

On September 26, 1952, within the time required by law, the Turners filed their controverting affidavit to the plea of privilege of the O'Havers, wherein they denied the allegations of the O'Havers to the effect that this suit involved disputed issues of title or damage to the lands in controversy within the purview of section 14 of Art. 1995 of Vernon's Tex.Civ.Stats. Although they did not specifically allege in their controverting affidavit that this was a suit for partition of lands within the meaning of subdivision 13 of the venue statute, or that the suit did not involve any disputed issue of title, they did allege that the O'Havers were residents of Waller County at all

times material to the proceedings, that the allegations in their original petition were true and that by referring to their petition they made the same a part of their controverting affidavit for all purposes.

On October 16, 1952, the venue plea of the O'Havers and the controverting affidavit of the Turners thereto came on for hearing before the court below without a jury, all parties to the suit being present through their attorneys. Thereupon, the Turners introduced in evidence their original petition and the three muniments of title relating to the lands therein described, copies of such instruments having been attached to their petition as Exhibits "A", "B", and "C", respectively, and Chester Turner testified generally in support of the allegations contained in the petition of the Turners. The President of the Insurance Company testified that the Company had declared the entire amount of its mortgage loan due and payable on August 21, 1952, because it regarded the purported conveyance of the Turners to the O'Havers of an undivided one-half interest in the lands in controversy, as evidenced by the deed dated March 17, 1952, to be in violation of the conditions set forth in the deed of trust dated April 2, 1952. After hearing all the evidence offered on behalf of the respective parties, the trial court overruled the plea of privilege, the O'Havers excepted to such ruling, gave notice of appeal therefrom, and duly perfected their appeal with the result that the order appealed from is now properly pending in this court for review on the record, briefs and oral arguments of the respective parties to the suit.

The First Point in the brief of appellants is as follows: "The plea of privilege of appellants O'Haver should be sustained because the pleadings and the evidence disclosed a dispute in title concerning lands located wholly in Cameron County, Texas." After due consideration of the record before us, we have concluded that the trial court erred in overruling the plea of privilege of the O'Havers, that the First Point in the brief of appellants should be sustained and that the cause or causes of action declared upon in the court below, with all of the parties thereto, should be transferred to a district court of Cameron County, where venue is properly laid for a trial of the case on its merits. Our conclusion is based primarily upon the opinion and holding of the Supreme Court in the cases of Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223 and Tide Water Oil Co. v. Bean, 138 Tex. 479, 160 S.W.2d 235.

By its holding in the foregoing cases, the Supreme Court has clearly established the rule that if a partition suit involves a disputed issue of title to land, venue for a trial of the case is controlled by subdivision 14 of the venue statute dealing with lands, rather than subdivision 13 dealing with partition, and the suit must be brought in the county where the land or a part thereof lies, regardless of where the parties to the suit, or any of them, may reside.

It is quite clear to us from the allegations contained in the verified petition of the Turners and from the evidence which they introduced in support of their controverting affidavit that disputed issues of title to the lands in controversy will in all reasonable probability be involved in the trial of this case on its merits. Indeed, it appears conclusively as a matter of law, from all the pleadings of the parties and from all the evidence introduced on the hearing, that disputed issues of title to the lands in suit have already been joined between the parties and that such issues will have to be disposed of by a trial of the case on its merits, wherever the case may be finally tried. If the validity of the two deeds and the legal effect of the deed of trust were not placed in issue by the pleadings of the Turners, the verified plea of privilege on behalf of the O'Havers undoubtedly had the effect of placing the validity or construction of each of these three muniments of title in dispute and, since the land in controversy is unquestionably situated wholly within Cameron County, the trial court was required as a matter of law to transfer the cause to Cameron County for final trial on its merits. Gilbert v. Gilbert, 145 Tex. 114, 195 S.W.2d 936, pts. 3-4.

The Second Point in the brief of appellants relates to a judgment of record en-

tered in the 107th District Court of Cameron County, Texas, pending this appeal, which involves the same parties and the same lands involved in this proceeding. Attached to the brief of appellants as an appendix thereto are certified copies of certain orders entered in that cause, the cause having been instituted by the O'Havers on October 6, 1952. The Turners object to a consideration of appellants' Second Point and they have filed a motion in this court to strike from the brief of appellants their Second Point and the certified copies of the proceedings had in the District Court of Cameron County relevant thereto. Although we have decided to overrule the motion of the Turners to strike appellants' Second Point from their brief, we have not considered such point or the certified copies of the proceedings had in the District Court of Cameron County because we do not think such consideration is necessary to a correct disposition of this appeal.

Accordingly, the order appealed from is reversed and judgment is here rendered sustaining the plea of privilege of the O'Havers and directing the clerk of the court below to perform such ministerial acts as may be proper to carry the judgment of this court into effect. Reversed and rendered.

TIREY, J., took no part in the consideration or disposition of this case.