**J. J. UTITZ, Jr., Appellant,**

v.

**William GLUCKMAN et al., Appellees.**

No. 3931.

Court of Civil Appeals of Texas.

Waco.

Nov. 9, 1961.

Rehearing Denied Nov. 30, 1961.

Ernest L. Sample, Beaumont, for appellant.

W. G. Walley, Jr., Beaumont, Alvin Diamond, Houston, for appellees.

WILSON, Justice.

Appeal from order sustaining appellee's plea of privilege. Appellant relies on subdivisions 5 and 13 of Art. 1995, Vernon's Ann.Civ.Stat.

■ Subd. 13 is not applicable, as appellant's action is not a suit for partition of property; and it may not be converted into such a suit by so denominating it in the controverting plea. Gilbert v. Gilbert, 145 Tex. 114, 195 S.W.2d 936.

■ Appellant alleged the terms of a 1958 "joint venture agreement" executed by appellee, certain provisions of which it

claimed appellee breached. The contract does not expressly name any county or definite place therein in which any obligation sued upon is to be performed, and thus Subd. 5 is not available as an exception. Rorschach v. Pitts, 151 Tex. 215, 248 S.W. 2d 120, 123. The contract states the purpose of the parties to be that of acquiring merchandise in connection with a sale "to be held on premises leased by Jay's of Beaumont, Inc." The mere designation of a corporate name which includes the name of a place does not meet the venue requirement of Subd. 5, even if it had referred to place of performance of the specific obligation sought to be enforced. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 611.

Affirmed.