### GILMER v. GRIFFIN et al.

No. 12407.

Court of Civil Appeals of Texas.

San Antonio.

May 7, 1952.

Rehearing Denied June 4, 1952.

See also, Tex.Civ.App., 265 S.W.2d 252.

Morriss, Morriss, Boatwright & Lewis, San Antonio, Carlos C. Ashley, Llano, for appellant. . ..

Reynolds N. Cate, House, Mercer & House, San Antonio, Gordon L. Hollon, Boerne, for appellees.

POPE, Justice.

This is a plea of privilege suit wherein the court overruled appellant's plea to be sued in Edwards County, which is his residence. It presents the question, whether former Article 2007, Vernon's Ann.Civ. Stats., as amended by the Acts of 1939, 46th Leg. p. 204, has been superseded by Rule 86, Texas Rules of Civil Procedure, and if so whether the plaintiffs proved a trespass within the meaning of art. 1995, § 9, Vernon's Ann.Civ. Stats:

Plaintiffs filed their controverting affidavit within ten days, as required by Rule 86, but not within five days after appearance day, as required by Article 2007. The Constitution empowers the Supreme Court to make and establish rules of procedure. Art. 5, § 25, Tex.Const., Vernon's Ann.St. Article 1731, Vernon's Ann.Civ. Stats., further enables the court to make and enforce all necessary rules of procedure, and art. 1731a, Vernon's Ann.Civ. Stats., effective September, 1941, repeals "all laws and parts of laws governing the practice and procedure in civil actions". The Supreme Court is vested with "full rule-making power", and the Supreme Court has already decided that all statutes relating to civil procedure have been repealed, including statutes enacted during the interim between the date of the rule-making statute in 1939 and the effective date of the rules of the Supreme Court in 1941. Garrett v. Mercantile Bank at Dallas, 140 Tex. 394, 168 S.W.2d 636. Rule 86, rather than Article 2007, was the applicable procedure and it was correctly followed.

The remaining point is whether the facts support the trial court's order overruling defendant's plea of privilege. Defendant's point is that, as a matter of law, there is a total failure to prove a trespass, since the undisputed evidence shows that the automobile wreck between the two automobiles was the result of an unavoidable accident. The facts show that the defendant was proceeding along the highway in Kendall County at night, approaching the on-coming car. A third car pulled onto the highway from a cafe beside the road. Defendant applied his brakes and skidded 188 feet. About 125 feet of the skid marks were on his right-hand side of the road, and the balance of the marks were on the left-hand side of the road in the path of the on-coming car. The impact of the automobiles was on the defendant's left-hand side of the road. Defendant relied upon the defense of unavoidable accident and testified that his car made a sudden unexplained sharp turn to the left and that the force of the turn wrenched the wheel from his control. The trier of facts determined the matter of unavoidable accident against defendant's contentions, and we think the facts under many decisions are such as will support the trial court's judgment that a trespass was proved. Utz v. Michael, Tex.Civ.App., 227 S.W.2d 597; Hill v. Connors, Tex.Civ. App., 219 S.W.2d 587; Traylor v. Brentzel, Tex.Civ.App. 218 S.W.2d 261; Stovall v. Whatley, Tex.Civ.App. 183 S.W.2d 672; Columbian Fuel Corporation v. Summers, Tex.Civ.App., 134 S.W.2d 694; Stroud v. Smith, Tex.Civ.App., 119 S.W.2d 894.

The judgment is affirmed.