L. J. BRISTOW, Appellant,

v.

J. P. NESBITT et al., Appellees.

No. 3170.

Court of Civil Appeals of Texas.

Eastland.

June 3, 1955.

Hugh Harrell, Lubbock, Wayland G. Holt, Lubbock, for appellant.

Rayford Ball, Lubbock, J. B. Cotton, Seagraves, for appellees.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. Suit was brought in the District Court of Scurry County by J. P. Nesbitt and Ernest Stephenson, individually and as next friend for his three minor daughters, against L. J. Bristow. Plaintiffs sought to recover for damages sustained in an automobile accident in Scurry County, Texas, alleged to have been proximately caused by negligence on the part of Bristow. Bristow filed a plea of privilege to be sued in Robertson County, Texas, the place of his residence. Plaintiffs duly filed their controverting plea seeking to sustain venue in Scurry County under subdivisions 9 and 9a of Article 1995, Vernon's Revised Civil Statutes of Texas. The

court, after hearing, overruled Bristow's plea of privilege and he brings this appeal.

Subdivision 9a, as amended by the 1953 Acts of the Legislature, provides:

"A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence, are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

■ The judgment is supported by findings of fact and by evidence sufficient to show venue in Scurry County under subdivision 9a of the venue statute. The court found, among other things, that the action of appellant Bristow, in driving his truck and trailer on the highway in front of appellees' approaching vehicle and blocking appellees' right side of the road on the occasion in question was (1) negligence and (2) a proximate cause of the injuries sustained by appellees.

The substance of the allegations and evidence relied upon by appellees to support the above findings are: that on or about August 2, 1953, appellees were coming into Snyder on the highway from the east in a Ford pick-up owned and operated by appellee J. P. Nesbitt; that as they were traveling along the highway, L. J. Bristow pulled his GMC truck and trailer out of the driveway of the Smith Motel on appellees' right side of the highway and drove on the highway immediately in front of appellees' approaching vehicle completely blocking their right-of-way; that, in order to avoid a collision, appellee J. P. Nesbitt applied his brakes and swerved his pick-up to the left and to his wrong side of the road; that in turning to the left to avoid appellant's truck, Nesbitt was headed for the concrete banister of a bridge on his left side of the road, and, in order to avoid collision with the concrete banister, he was required to make a sharp turn to the right, which caused the pick-up to overturn and collide with the right side of the bridge and to rebound to the left side. As a result of the accident, plaintiffs suffered the injuries and damages complained of.

Appellee Ernest F. Stephenson testified that when appellant's truck pulled up on the highway that appellee Nesbitt "had to turn to the left or * * * run into the truck, one or the other; and I believe he done a little better than I would have done." He testified that after Nesbitt turned to the left "he turned back to the right to keep from hitting the banister," and that in trying to keep fom hitting the banister he turned over and the pick-up came to rest bottom side up on the left hand side of the highway.

We overrule appellant's contention that there was no evidence and that the evidence was insufficient to support the above findings of negligence and proximate cause.

The pleadings and evidence as above summarized to the effect that appellant drove his truck on the paved portion of the highway in front of appellees' approaching vehicle at the time and under the circumstances was sufficient to show an act of negligence in Scurry County proximately causing appellees' injuries as contemplated by the terms of subdivision 9a, supra. Vaughan v. Kendrick, Tex.Civ.App., 266 S.W.2d 202.

■ It was found by the court and the record shows that subdivisions 9 and 9a of Article 1995, as amended by the 1953 Acts of the Legislature, were not in effect

at the time of the accident in question but became effective prior to the time suit was filed. The court found, as a matter of law, that the amendment was applicable. The amendment, among other things, provides that it "shall not apply to any suit or action pending in any court of this State upon the effective date of this Act." The court found, however, that the case was not pending at the time of the amendment because it was filed after the effective date of the amendment. Appellant questions the correctness of this finding. He contends that the date of filing suit is immaterial; that the accident relied upon as a basis for the cause of action occurred prior to the effective date of the amendment and that the cause was, therefore, pending as of and after that date. We cannot agree with this contention. In our opinion the court correctly held that the amended statute was applicable. Venue statutes are procedural and rights thereunder are remedial as distinguished from substantive rights. Hadlich v. American Mail Line, D.C., 82 F.Supp. 562. A remedial statute, in the absence of a provision to the contrary, applies both to pending and future litigation. Bruton v. Texas Power & Light Co., Tex. Civ.App., 44 S.W.2d 462; Walker v. Lyles, Tex.Civ.App., 45 S.W.2d 315; 82 C.J.S., Statutes, § 422, p. 998.

The amendatory act provided that it should not apply to "any suit or action pending in any court of this State upon effective date of this Act." But this case was not "pending in any court of this State" at the time of the effective date of the act and is not by the terms of the statute excluded from its application. The point is overruled.

■ Actually, it is not material under the facts of this case whether the old or the amended statute is applicable. The negligent act of appellant in driving his truck onto the highway in front of appellees' approaching vehicle was an affirmative act of negligence as distinguished from a mere failure to act and constituted a trespass under the terms of subdivision 9 prior to the 1953 amendment. Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374; Chiles v. Goswick, 148 Tex. 306, 225 S.W. 2d 411; Yearwood v. Nichols, Tex.Civ. App., 230 S.W.2d 313; Gilmer v. Griffin, Tex.Civ.App., 265 S.W.2d 250 and cases there cited.

We have carefuly examined all points presented by appellant and find no reversible error.

The judgment of the trial court is affirmed.