**Percy HOLT et al., Appellants,**

v.

**J. D. WHEELER, Receiver of and for General American Casualty Company, et al., Appellees.**

No. 13092.

Court of Civil Appeals of Texas.

Galveston.

April 11, 1957.

Rehearing Denied May 9, 1957.

Chilton Bryan and E. H. Patton, Jr., Houston, for appellants.

Eskridge, Groce & Hebdon and Josh H. Groce, San Antonio, for appellees.

HAMBLEN, Chief Justice.

The appellants, who are insurance agents residing in Harris County, filed this suit in Harris County against J. D. Wheeler, Receiver of General American Casualty Company, alleging that they were local recording agents of the Company under written agency contracts, and that the Company was indebted to each of them primarily for returned premiums. Prior to the filing of the suit, General American Casualty Company had been placed in receivership, and J. D. Wheeler appointed receiver by the 126th District Court of Travis County, Texas.

J. D. Wheeler filed a plea of privilege, alleging that his residence was in Travis County, and that no exception to exclusive venue existed. Such plea was controverted by the appellants, and upon hearing before the court without a jury the plea of privilege was sustained. This appeal is from such order.

Before the trial court it was stipulated that all facts stated in the controverting plea were true except that appellee contended that appellants had failed to establish a cause of action in Harris County or in any other county by reason of not having filed proof of claim with the receiver. The appellee further contended, aside from the failure of appellants to establish a cause of action, that venue in any event lay in Travis County under the provisions of Art. 21.28, as amended. V.A.T.S. Insurance Code.

The appeal is predicated upon two points of error, as follows:

1. "The filing of a proof of claim with the receiver is not a prerequisite to establishing a cause of action.

2. "Receivership proceedings of the General American Casualty Company having been commenced under Article 21.28 of the Insurance Code prior to its amendment, venue provisions of the amended act are not applicable to this case."

We overrule such points.

In support of their first point of error, appellants cited the case of Knox v. Taylor, Tex.Civ.App., 277 S.W.2d 174, which, they state, is the only case in Texas on the point. From our examination of the cited case, it appears that the decision there rested upon the applicability of Articles 2310 and 2311, Vernon's Ann.Tex.Civ.St. This present cause was instituted under the provisions of Article 21.28 of the Insurance Code, as is clearly shown by appellants' second point of error. Section 4, paragraph (e) of Art. 21.28, as amended, by the 54th Legislature, expressly provides that Articles

2310 and 2311, V.A.T.C.S., shall not apply to insolvent insurance companies being administered under Article 21.28. This amendment was effective prior to the institution of this suit and appears to be controlling. Sec. 3 of Article 21.28 expressly makes the filing of a claim with the receiver a prerequisite to the institution of action in court upon any claim against the insolvent company. It therefore appears that appellants have failed to show a cause of action against the appellee and the plea of privilege, for that reason alone, should be sustained.

Aside from the consideration above stated, we are of the opinion that in any event venue in this action properly lies in Travis County under the provisions of Art. 21.28. Appellants concede that Art. 21.28 as amended places venue in Travis County but contend that inasmuch as appellants' cause of action arose prior to the amendment to the statute that the general rules of venue apply. To hold otherwise, appellants contend, would amount to giving retrospective or retroactive effect to the amendment in question. We see no merit in this contention.

Section 4(f) of Art. 21.28 is remedial or procedural because it deals exclusively with venue. It is not a statute dealing with substantive law. Statutes relating to remedies have never been held subject to the constitutional inhibition against the passage of retroactive laws. See 39 Tex. Jur., page 55. Section 4(f) of Art. 21.28 was in effect at the time of the institution of this suit, although appellants' cause of action arose prior to the amendment; however, it appears to be established that a statute controlling venue and becoming effective between the time that the cause of action arises and the time that suit is filed will control matters of venue in 11 subsequently filed suits. Bristow v. Nesbitt, Tex. Civ.App., 280 S.W.2d 957; Genecov v. Marcus, Tex.Civ.App., 285 S.W.2d 872.

It is ordered that the judgment of the trial court be in all things affirmed.