B. J. ATKINS, Appellant,

v.

J. D. WHEELER, Receiver of Lloyds Fire & Casualty Assurance, Appellee.

No. 10512.

Court of Civil Appeals of Texas.

Austin.

Nov. 13, 1957.

Rehearing Denied Dec. 4, 1957.

B. J. Atkins, Fort Worth, for appellant.

A. M. Le Croix, Black & Stayton, Thomas Black, Austin, for appellee.

ARCHER, Chief Justice.

This is a plea of privilege case. No trial has been had on the merits.

A suit was instituted by J. D. Wheeler, receiver of Lloyds Fire & Casualty Assurance, for premiums and commission on insurance policies written under a contract between appellant and Lloyds Fire and Casualty Assurance.

A plea of privilege to be sued in Tarrant County, Texas, was filed by appellant and duly controverted by appellee, and at the conclusion of a hearing the plea was overruled.

The appeal is based on three points assigned as error and are that the amended original petition fails to allege sufficient venue facts to maintain venue in Travis County; that venue may not be maintained in Travis County under the provisions of Subdivision 30 of Article 1995, Vernon's Ann.Civ.St., and Section 4(f) of Article 21.28, Texas Insurance Code, V.A.T.S., where the alleged contract specifies venue and the contract was made prior to the effective date of the Texas Insurance Code; and that no proof of the necessary venue facts were offered to support an exception to the venue statute.

Appellee's counterpoints are to the effect that venue in Travis County is fixed under the provisions of Section 4(f) of Article 21.28, Texas Insurance Code, and that appellant has no contract right directing what forum may determine this cause, such being a matter solely within the province of the Legislature.

We believe that the County Court correctly overruled the plea of privilege.

■ No statement of facts and no findings of facts were made and filed in the Trial Court and we must resolve all fact issues in favor of the order overruling appellant's plea of privilege. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600.

■ Subsection 4(f) of Article 21.28, V.A.C.S., provides as follows:

"New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver."

Subdivision 30 of Article 1995, V.A.C.S., establishes an exception to the general venue provision as follows:

"Special Venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Appellee alleged that the delinquency proceedings against Lloyds are pending in Travis County and that this suit was filed by appellee as receiver, subsequent to the commencement of said delinquency proceedings. We believe such allegations are sufficient to establish venue in Travis County under Subsection 4(f) of Article 21.28. Holt v. Wheeler, Tex.Civ.App., 301 S.W.2d 678, writ dism., w. o. j.; Ratner v. Wheeler, Tex.Civ.App., 301 S.W.2d 268, er. ref., N.R.E.

■ Venue is governed by the time of filing suit rather than by the time the cause of action arose. Daniel v. Jones, Tex.Civ. App., 103 S.W.2d 437; Bristow v. Nesbitt, Tex.Civ.App., 280 S.W.2d 957, no writ history.

The contract between appellant and Lloyds Fire & Casualty Assurance provided that all suits must be brought in Bexar County, Texas, and that net premiums be remitted to San Antonio, Texas.

Appellant seeks a removal of this cause, not to Bexar County but to Tarrant County, Texas.

■ To the extent that the contract attempts to create rights greater than those existing under the provisions of Subdivision 5 of Article 1995 (which allows venue in the county where a contract is performable), such contract is against public policy. International Travelers' Association v. Branum, 109 Tex. 543, 212 S.W. 630; La Salle County Water Improvement District No. 1 v. Arlitt, Tex.Civ.App., 297 S.W. 344, writ dism.; Bexar County Mutual Insur-

ance Company v. Ward, Tex.Civ.App., 245 S.W.2d 325.

■ It is permissible for parties to contract with reference to Subdivision 5 of Article 1995 as to the situs of performance of a contract. Appellant had no contract right to be sued in Bexar County, the contract affirmed the provisions of Subdivision 5. Lawrence v. Continental Fire & Casualty Ins. Corp., Tex.Civ.App., 203 S.W.2d 967.

■ Appellant's venue rights were and could be solely dependent upon a statute and subject to repeal or modification by the Legislature. They have been modified by Section 4(f) and venue established in Travis County.

The judgment of the Trial Court is affirmed.

Affirmed.