T. H. JOHNSON et ux., Appellants,

v.

J. D. WHEELER, Receiver of Texas Mutual
Insurance Co. et al., Appellees.

No. 10557.

Court of Civil Appeals of Texas.

Austin.

March 26, 1958.

Rehearing Denied April 16, 1958.

D. H. O'Fiel, Beaumont, for appellants.

V. F. Taylor; Horace Wimberly, Austin, for appellees.

HUGHES, Justice.

Appellants T. H. Johnson and wife Bertha Johnson appeal from an order overruling their pleas of privilege to be sued in Jefferson County where they reside.

Appellee is J. D. Wheeler as receiver of Texas Mutual Insurance Company and as receiver for Atlantic Finance Corporation.

Appellee alleged that each of the companies for which he acted as receiver had had its charter cancelled and has been placed in receivership by the District Court of Travis County, 53rd Judicial District, and that such receivership was still pending.

As receiver of such corporations appellee alleged that he became the owner of a promissory note executed by appellants in favor of Atlantic and for the benefit of Texas Mutual which note was payable in Jefferson County and was secured by a deed of trust lien on certain property in Jefferson County. Default in the payment of this note was alleged and recovery thereon and foreclosure of the lien was sought.

Appellants filed formal pleas of privilege.

Appellee controverted these pleas by adopting and amplifying the allegations of his petition and by specifically pleading Sec. 4(f), Art. 21.28 of the Texas Insurance Code (Vernon's Ann.Civ.St.) as authority for maintaining this suit in Travis County. This section reads:

"New lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver."

Appellants group their first five points for briefing. They are to the effect that the Trial Court erred in overruling their pleas because appellee failed to "establish" a cause of action against them in that the evidence introduced on the trial was insufficient for this purpose and the Trial Court was not authorized to take judicial knowledge of proceedings in his court to which appellants were not parties.

Appellee introduced in evidence the order of the District Court of Travis County, 53rd Judicial District, of February 13, 1953, decreeing the Texas Mutual Insurance Company to be insolvent, placing it in receivership and appointing a receiver. This order authorized the receiver

"* * * without further order of this Court, to file, prosecute or defend, any suit or suits, heretofore filed by the Defendant, or that shall hereafter be filed, deemed by said Receiver to be necessary to protect properly all of the interested parties or any property affected hereby."

The instant suit was filed September 11, 1957, as shown by appellees' petition which was introduced in evidence.

Appellants offered in evidence the Charter of the Atlantic Finance Corporation and a copy of the deed of trust "made the subject matter of the plaintiffs' suit." The deed of trust was executed by appellants and describes the note and lien referred to in appellees' petition.

It is our opinion that the evidence is sufficient to sustain venue in Travis County under Sec. 4(f), supra.

The order and petition introduced in evidence by appellee establishes these facts as a matter of law:

1. "Delinquency proceedings" under Art. 21.28 of the Insurance Code against Texas Mutual was commenced in the District Court of Travis County, a court of competent jurisdiction.

2. This suit was instituted after the commencement of such proceedings.

The Trial Court was authorized to take judicial notice of the fact that the delinquency proceeding was still pending and that appellee was an officer (receiver) of his Court. Texas Law of Evidence (McCormick and Ray) 2d ed., Secs. 185, 177.

The only remaining requirement of Sec. 4(f) is that this suit be an "action or proceeding(s)." By these words · is meant any action or proceeding cognizable in a court of law. There can be no doubt that this suit is such an action or proceeding. This we determine as a question of law from inspection of appellees' trial petition. See Atkins v. Wheeler, Tex.Civ.App. Austin, 307 S.W.2d 294, writ dism.; Holt v. Wheeler, Tex.Civ.App. Galveston, 301 S.W.2d 678, writ dism.

Points 1-5 are overruled.

Appellants' last point is that since Atlantic is not an "insurer" under Art. 21.-28, V.A.C.S., that its receiver could not rely upon the provisions of Sec. 4(f), supra, in order to sustain venue in Travis County.

We agree that Atlantic is not an insurer as defined in Art. 21.28 and that appellee as receiver of Atlantic is not entitled to invoke the provisions of Sec. 4(f) for venue purposes.

Appellees admit that Atlantic has been placed in receivership and J. D. Wheeler is its receiver and that this suit was brought in the court where such receivership is pending.

While Atlantic, through its receiver, is nominally a plaintiff it is in reality a defendant because, under the pleadings, it is entitled to no relief. The suit is brought on a note payable to Atlantic but the beneficial interest in which, under the pleadings, belongs to Texas Mutual. It is upon this allegation that we sustain venue under Sec. 4(f). Atlantic is a necessary party to the suit in order that its ostensible interest

in the note may be extinguished. Properly aligned Atlantic is an adverse party to Texas Mutual.

The point last discussed is overruled and the judgment of the Trial Court is affirmed.

Affirmed.