M. A. BOUKNIGHT d/b/a M. A. Bouknight Insurance Agency, Appellant,

v.

James M. WILLIAMSON, Successor to J. D. Wheeler, Receiver of U. S. Trust and Guaranty Company, Appellee.

No. 10591.

Court of Civil Appeals of Texas.

Austin.

May 28, 1958.

Rehearing Denied June 11, 1958.

Schulman & Shropshire, Houston, for appellant.

Renne Allred, Jr., Bowie, A. M. LeCroix, Austin, for appellee.

ARCHER, Chief Justice.

This is a venue case.

This is a suit on sworn account instituted in the 98th District Court of Travis County, Texas, by the Receiver of U. S. Trust and Guaranty Company against M. A. Bouknight, individually, and doing business as M. A. Bouknight Insurance Agency, to recover premiums and return commissions due under defendant's agency contract with that company. From the order of the trial court overruling his plea of privilege to be sued in Harris County, defendant has brought this appeal. There has been no trial on the merits and the sole question here involved is one of venue.

The appeal is based on three points to the effect that the Court erred in overruling defendant's plea of privilege to be sued in Harris County his place of residence, and because the contract upon which the suit is founded provided that such contract was fully performable in Harris County.

The suit was on a sworn account for $3,-707.69, an amount alleged to be due by appellant to the Receiver of U. S. Trust and Guaranty Company.

Appellant filed his plea of privilege to be sued in Harris County, his residence, and contending that the contract was performable in Harris County. A controverting plea was filed and at a hearing the plea was overruled.

Appellee takes the position that the plea was correctly overruled irrespective of the fact that appellant was a resident of Harris County and irrespective of the fact that the contract recited that it "shall be fully performed in Harris County."

At the close of the hearing the Court overruled appellant's plea of privilege. Thereafter, at appellant's request, the Court made the following findings of fact and conclusions of law:

"Findings of Fact

"1. That at the time of the commencement of this suit, delinquency proceedings under the provisions of Article 21.28, Texas Insurance Code of 1951, as amended, were, and still are, pending against U. S. Trust & Guaranty Company in the 98th District Court of Travis County, Texas.

"2. That this suit was commenced by the Statutory Liquidator and duly qualified court-appointed Receiver of U. S. Trust & Guaranty Company subsequent to the commencement of such delinquency proceedings.

"Conclusions of Law

"Venue is proper in Travis County under the provisions of Subsection 4(f) of Article 21.28, Texas Insurance Code of 1951, as amended, Acts 54th Legislature, Chapter 267."

The petition of the Receiver alleged the facts forming the basis of his cause of action, and alleged further the delinquency proceedings, and that the receivership was pending. On the hearing appellee introduced into evidence his petition and controverting affidavit, and requested the Court to take judicial cognizance of the receivership facts stated therein and the Court did so.

We believe that the Court correctly overruled the plea of privilege.

Subsection 4(f) of Article 21.28 of the Texas Insurance Code, V.A.T.S., provides as follows:

"New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver."

In view of such statutory regulations expressly prescribing venue of suits by or against the Receiver instituted after commencement of delinquency proceedings, Subdivision 30 of Article 1995, Vernon's Ann.Civ.St., establishes an exception to appellant's general venue right to be sued in the county of his residence. It reads:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Nor can appellant defeat such prescribed venue in Travis County by virtue of Subdivision 5 of Article 1995, and the fact that his agency contract calls for performance in Harris County. Atkins v. Wheeler, Tex. Civ.App.1957, 307 S.W.2d 294, error dism., w. o. j.

Holt v. Wheeler, Tex.Civ.App.1957, 301 S.W.2d 678, error dism., w. o. j; Atkins v. Wheeler, supra; and Johnson v. Wheeler, 312 S.W.2d 266, 267, Austin Court of Civil Appeals.

In Johnson v. Wheeler, supra, we held that venue was proper in Travis County and said:

"It is our opinion that the evidence is sufficient to sustain venue in Travis County under Sec. 4(f), supra.

"The order and petition introduced in evidence by appellee establishes these facts as a matter of law:

"1. 'Delinquency proceedings' under Art. 21.28 of the Insurance Code against Texas Mutual was commenced in the District Court of Travis County, a court of competent jurisdiction.

"2. This suit was instituted after the commencement of such proceedings.

"The Trial Court was authorized to take judicial notice of the fact that the delinquency proceeding was still pending and that appellee was an officer (receiver) of his Court. Texas Law of Evidence (McCormick and Ray) 2nd ed., Secs. 185, 177.

"The only remaining requirement of Sec. 4(f) is that this suit be an 'action or proceeding(s).' By these words is meant any action or proceeding cognizable in a court of law. There can be no doubt that this suit is such an action or proceeding. This we determine as a question of law from inspection of appellees' trial petition. See Atkins v. Wheeler, 307 S.W.2d 294, Austin Civil Appeals, writ dism.; Holt v. Wheeler, 301 S.W.2d 678, Galveston Civil Appeals, writ dism."

Appellant cites and relied on Arnold v. Wheeler, Tex.Civ.App., 304 S.W.2d 368, er. ref., N.R.E., as supporting his contention that venue lies in Harris County because of the recitation in the contract providing that the contract was performable in Harris County. We are not in accord with this contention. In the Arnold case, delinquency proceedings were pending in Travis County and suit was instituted by the Receiver in Bexar County against the agent upon his agency contract which provided that all suits should be brought in Bexar County. The defendant filed his plea of privilege to be sued in Victoria County, the county in which he resided. In his effort to have the court sustain his plea and overcome the express provision of the contract, the defendant in no way contended that venue was proper in Travis County under the provisions of Subsection 4(f) of Article 21.28 but relied only on the allegation that the contract was fraudulently induced. Thus, the issue of the applicability of Subsection 4(f) was not before the Court, and the Court, under the issues before it, could not have, by its opinion, ruled that Subdivision 5 of Article 1955, V.A. C.S., prevails over Subsection 4(f) of Article 21.28.

The judgment of the Trial Court is affirmed.

Affirmed.