**A. B. LEWIS COMPANY, INC., Appellant,**

v.

**J. D. WHEELER, Receiver, Appellee.**

No. 10651.

Court of Civil Appeals of Texas.

Austin.

April 1, 1959.

Rehearing Denied April 15, 1959.

John H. Holloway, Houston, for appellant.

Cecil Rotsch, Austin, W. G. Walley, Jr., Beaumont, Jones, Herring & Jones, Austin, for appellee.

. GRAY, Justice.

This appeal is from an order overruling appellant's plea of privilege.

On January 22, 1958, J. D. Wheeler, Receiver for Home Life and Accident Insurance Company, filed this suit against appellant, A. B. Lewis Company, Inc., to recover $100,297.32 and interest. He alleged that sum was retained by appellant under an unlawful and fraudulent scheme entered into by appellant and Home Life and Accident Insurance Company whereby appellant retained large percentages of gross premiums due for policies of credit life and credit life, health and accident insurance issued by Home Life and Accident Insurance Company. He also alleged that he:

"* * * was, on the 14th day of March, 1956, in Cause Number 103,750, The State of Texas ex rel. Board of Insurance Commissioners vs. Home Life and Accident Insurance Company, et al, pending in the Honorable 98th District Court of Travis County, Texas, by judgment rendered and entered on the 14th day of March, 1956, duly named and appointed Receiver in said cause for the purpose of taking charge of all of the property of Home Life and Accident Insurance Company and Home Finance and Thrift Corporation, with full power and authority 'to file,

prosecute, or defend any suit or suits' to be filed after the date of his said appointment deemed necessary by said Receiver to protect the property of the Defendants therein named, their stockholders, policyholders, creditors and other interested persons; and Plaintiff duly qualified as such Receiver on the same day, to-wit: March 14, 1956 in accordance with the terms of said judgment."

Subsequent to the filing of the suit J. D. Wheeler withdrew as receiver and James M. Williamson was appointed and qualified as such.

Appellant filed its plea of privilege to be sued in Harris County the county of its residence. The plea was duly controverted and set for hearing.

At a nonjury trial appellee introduced in evidence, over appellant's objection, the petition and controverting affidavit and asked the court to take judicial notice of the receivership facts set out in the petition and in the controverting affidavit and of the receivership proceeding pending in the court in Cause No. 103,750 and also of the order substituting James M. Williamson as receiver in lieu of J. D. Wheeler. No further evidence was offered and the plea of privilege was overruled.

Sec. 4(f) of Art. 21.28, Texas Insurance Code, provides:

"New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver."

There is no question but that this suit and the receivership proceeding in which it was filed were in the same court, the 98th District Court of Travis County, which was a court of competent jurisdiction. Further the suit was instituted by the receiver

after the commencement of the delinquency proceedings. Thus the venue facts set out in Sec. 4(f) supra are shown to exist without dispute.

The question presented is: Was there evidence before the court sufficient to sustain venue in Travis County? Appellant says there was not and further says that the petition and controverting affidavit were not admissible in evidence over its objection.

We are called upon to test the sufficiency of the plea of privilege by the law controlling venue of the particular kind and character of the suit pending. The plea of privilege and the controverting affidavit join issue on the venue facts however the law is to be applied to those facts as they are shown to be. The allegations of the plea of privilege, while sufficient in law to present the issue of venue, was: (a) that at the time the suit was filed and at the time of service of process it was not a resident of Travis County and that it did not have an office or agent there and (b) that its residence and that of its attorney was in Harris County. It further alleged (c) that "no exception to exclusive venue in the county of one's residence provided by law exists in this cause."

There is no controversy as to allegations (a) and (b). Allegation (c) if treated as an allegation of fact rather than a conclusion of law is here:

"* * * determinable and provable 'solely by the allegations contained in the petition, and is a question of law to be determined by the court and not a question of fact to be determined by testimony aside from the allegations in the petition.'" Yates v. State, Tex. Civ.App., 3 S.W.2d 114, 117.

To sustain venue over appellant's plea of privilege the facts to be alleged and proved are those stated in the exception that is applicable and appropriate to the character of the suit alleged in the petition. "Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of the action.' Oakland Motor Car Co. v. Jones, Tex.Civ.App., 29 S.W.2d 861, 865; Yates v. State, Tex. Civ.App., 3 S.W.2d 114; Commercial Standard Insurance Co. v. Lowrie, Tex. Civ.App., 49 S.W.2d 933; American Fruit Growers v. Sutherland, Tex.Civ.App., 50 S.W.2d 898." Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. Bouknight v. Williamson, this Court, 314 S.W.2d 429.

Here the question before the trial court was whether the alleged cause of action was of the kind and character provided for in Sec. 4(f), supra. For this purpose he could look to the petition even though such petition and the controverting affidavit would not be evidence of venue facts beyond the kind and character of the suit but those facts must be proved by affirmative evidence. However here the kind and character of the suit alleged determines venue. Gilbert v. Gilbert, 145 Tex. 114, 195 S.W.2d 936. Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933. Er. ref., appellee's motion for rehearing p. 936.

There is an intimate connection between this suit and the receivership proceedings and the trial court could properly take judicial notice of the orders entered in that proceeding. Connellee v. Witty, Tex.Civ.App., 246 S.W. 715. First State Bank of Loraine v. Jackson, Tex.Civ.App., 13 S.W.2d 979. McCormick & Ray, Texas Law of Evidence, 2d Ed., Vol. 1, p. 202, Sec. 185.

At appellant's request the trial court filed findings of fact and conclusions of law. Appellant objected to these findings and conclusions and requested the court to find:

"The plaintiff, Receiver of Home Life & Accident Insurance Co., has failed to offer any evidence to substantiate his controverting plea, and the de-

fendant's plea of privilege having been received in evidence without objection by the plaintiff, the defendant is thereby entitled to a change of venue."

The original findings of fact and conclusions of law are consistent with what we have said supra. Even if the trial court had made the requested finding by stating that the plaintiff offered no affirmative evidence to substantiate the allegations of his controverting affidavit (a fact which is shown by the record) such finding would not support the requested conclusion.

Appellant's points one to seven both inclusive have been considered. They are overruled and the judgment of the trial court is affirmed.