**CACANAY CORPORATION, Appellant,**

v.

**A. L. SHEPHERD, d/b/a Shepherd Construction, et al., Appellees.**

No. 13514.

Court of Civil Appeals of Texas.

Houston.

June 9, 1960.

Rehearing Denied June 30, 1960.

Franklin, Kelly & Graham; and W. K. Graham, Houston, for appellant.

Leslie King, Vernon, Bullington, Humphrey, Humphrey & Fillmore, Roy Schaeffer, Wichita Falls, for appellees A. L. Shepherd and Trinity Universal Ins. Co.

BELL, Chief Justice.

Appellant sued appellees, A. L. Shepherd and Trinity Universal Insurance (and other parties not material to mention) in the District Court of Harris County. The suit was against Shepherd who was the contractor on a state highway project in Wheeler County. The appellant under oral contract with Shepherd did certain hauling for Shepherd in connection with the project. When Shepherd did not completely pay for the service, appellant filed a claim with the State Highway Commission under the provisions of Article 5472a, Vernon's Ann. Tex.Civ.St. and thereby acquired a lien on the funds due to be paid the contractor. Thereafter on April 8, 1959 a bond was furnished as authorized by Article 5472b–1, V. A.T.S., by Shepherd as principal and Trinity Universal Insurance Company as surety under which the surety and principal bound themselves jointly and severally to pay the asserted claim, should, of course, it be determined to be valid.

Suit was filed in Harris County against Shepherd and Trinity Universal. Both defendants filed a plea of privilege to be sued in Wheeler County where the work was being performed and alternatively to have the case transferred to Wilbarger and Dallas Counties, Shepherd being a resident of

Wilbarger County and Trinity Universal being a resident of Dallas County. The appellant filed its controverting plea, seeking to hold Trinity Universal in Harris County under Subdivision 23 of Article 1995, V.A.T.S., as it is a corporation and at all times material had an office and representative in Harris County. It was sought to hold Shepherd in Harris County under Subdivision 29a of Article 1995 as a necessary party.

The trial court sustained the plea of privilege and transferred the case to Wheeler County.

The position of appellant is that it is proceeding under Articles 5472a, 5472b and 5472b-1 and the venue under such articles is determined by Article 1995, the general venue statute.

Appellees, in their brief, contend that venue was properly transferred to Wheeler County because appellant failed to prove a lien under Article 5160, V.A.T.S. Too, they contend that in any event, even if Article 5160 did not control prior to its amendment on April 27, 1959, it controlled after its passage and that it specifically fixes venue in the county in which the construction project is being carried on, which in this case is Wheeler County.

On submission, appellees, as we understand, now concede that were it not for the amendment of Articles 5160 and 5472a, venue would properly lie in Harris County. We think this concession correct under the holdings in Brown & Root v. Durland, Tex.Com.App., 126 Tex. 20, 84 S.W.2d 1073 and Ramey & Mathis, Inc. v. Pitts, 149 Tex. 214, 230 S.W.2d 211.

We must determine whether the amendment of Articles 5160 and 5472a by the Acts of the 56th Legislature, 1959, Chapter 93, p. 155, which was passed April 13, 1959 and which became effective April 27, 1959, fixes venue as to appellant's suit which was filed May 15, 1959, upon a bond filed April 8, 1959, under the provisions of Article 5472b-1.

We have reached the conclusion that as to the suit filed by appellant on a bond filed before the effective date of the amendment under the terms of Article 5472b-1 venue lies in Harris County under the facts of this case and the trial court erred in sustaining the plea of privilege.

It is sufficient to say, without analyzing the statutes in detail, that prior to the amendment Articles 5160-5164 provided that a contractor on public construction work must post a performance bond which was for the benefit of persons furnishing labor, material, etc., to the contractor and subcontractors and also, and primarily, for the benefit of the public agency letting the contract. Also provision is made for the method to be employed in presenting a claim and preserving the right to look to the bond for satisfaction of the claim. No special venue was fixed by the statute. These articles, prior to the last amendment, were amended at the Regular Session of the 41st Legislature, 1929. Article 5472a and Article 5472b were passed in 1925. These last two articles provided that a claimant could file his claim with the public agency before the contractor had been paid and the claim would constitute a lien on the money, warrants, etc., due to be paid the contractor and enjoined the duty on such agency to withhold a sufficient amount to pay any judgment that should be rendered on said claim. At the 2d Called Session of the 41st Legislature in 1929, Article 5472b-1 was passed providing that where a claimant had perfected its lien under Articles 5472a and 5472b, the contractor could obtain a release of the funds upon which there was the lien by filing a bond signed by a corporate surety authorized to do business in Texas in double the amount of the claim. Then it was provided that the claimant could bring suit on such bond within 6 months of the filing of the bond in any court in any jurisdiction. It was this statute that was held in Brown & Root v. Durland to fix venue, over such suits, under the general venue statute.

Articles 5472a, 5472b. and 5472b–1 have been held to provide separate remedies to a claimant. Articles 5160–5164 gave claimants a remedy, on suit brought by the governmental subdivision, on the performance bond. Articles 5472a to 5472b–1 gave the claimant an additional remedy in the nature of a garnishment. Even though a claimant had not complied with Article 5160 and therefore could not resort to the performance bond, he could nevertheless resort to Articles 5472a, 5472b and 5472b–1. Huddleston & Work v. Kennedy, Tex.Civ. App., 57 S.W.2d 255, no writ hist.; Employers Liability Assurance Corp., Ltd. v. Young County Lumber Co., Tex.Com.App., 122 Tex. 647, 64 S.W.2d 339.

When the Legislature in 1959 passed the last amendatory act, it provided that where a public agency let a prime contract for an amount in excess of $2,000, the contractor should post two bonds, each in the amount of the contract, one being a performance bond in favor of the proper agency and one being a payment bond to secure persons furnishing labor, material, etc., to the contractor or subcontractor. This was in Sec. 1 of the Act and expressly provided that it was an amendment of Article 5160. Also a part of Sec. 1 is the provision that suits brought under the Act shall be brought in the county where the public work or a part thereof was to be performed. Following this is Sec. 2 of the Act, which amended Article 5472a so that if the prime contract did not exceed $2,000 the claimant could acquire a lien on the moneys, warrants, etc., due to be paid the contractor. Apart from some details not necessary to notice, the effect of this was that after the effective date of the Act Article 5472a was available only if the prime contract did not exceed $2,000. Sec. 3 of the amendatory Act expressly repealed Articles 5161–5164, inclusive, and made no mention of Articles 5472b and 5472b–1. Too, Sec. 3 further provided, "the rights, duties, and obligations of parties arising under or incidental to bonds executed prior to the effective date

of this Act shall continue to be governed by the law heretofore applicable to bonds for public works."

Appellees contend that since now appellant's relief would be by resort to the payment bond and could not now come under Articles 5472a to 5472b–1, appellant must proceed with his suit under Article 5160 and special venue is fixed in Wheeler County. They contend venue is determined by the state of the law when suit is filed and not when the cause of action arose. Atkins v. Wheeler, Tex.Civ.App., 307 S.W.2d 294. Since at the time this suit was filed on May 15, 1959, after Article 5160 as amended had become effective, they say its venue provision controls.

It is true that venue is determined by the law as of the date of filing suit. We are of the view, however, that at the time this suit was filed venue was fixed by statute as to causes of action that arose before the amendment of Articles 5160 and 5472a, under Article 1995. The amendatory Act reflects a legislative intent to preserve to a party all of the rights, duties and obligations that accrued to it under the old law. Section 2 of the amendatory Act is careful to make the amended Articles applicable only prospectively. After providing for a repeal of Articles 5161–5164 and leaving unrepealed Articles 5472b and 5472b–1, the Act expressly provides "the rights, duties, and obligations of parties arising under or incidental to bonds executed prior to the effective date of this Act shall continue to be governed by the law heretofore applicable to bonds for public works." We feel that this language shows a legislative intent to preserve to a party all rights accruing as to bonds executed under the old law including the right to bring suit in a county authorized by the old law. As to accrued causes of action, the old law was kept alive.

Appellant under Article 5472b–1 had a right to resort to the general venue statute and venue properly lay under Sections 23 and 29a in Harris County. The trial court

therefore erred in sustaining the pleas of privilege.

The judgment of the trial court is reversed and judgment is here now rendered overruling both pleas of privilege.