

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

...ONER CARR
...NEY GENERAL

January 24, 1963

Honorable D. C. Greer  
State Highway Engineer  
Texas Highway Department  
Austin, Texas

Opinion No. C-6

Re: Construction of Article 6674m and related statutes as to the amount to be withheld on highway construction contracts under stated facts.

Dear Mr. Greer:

Your recent letter requests the opinion of this office concerning the referenced statutes, under the following situation:

"On a project which has been recently completed, our contractor went bankrupt and defaulted. His surety took over and completed the job and, in addition, paid off such claims for materials and wages as were deemed to have qualified under the payment bond provided for in Article 5160. This Department has notice of some $13,000.00 worth of alleged claims which are still unpaid and consequently has withheld this amount from its payment to the contractor."

"Since the job in question was a small one and only totaled some $60,000.00, it has been suggested that the subject of Article 6674m being retainage it only requires that 5%, or $3,000.00, be withheld until it is shown that all bills have been paid. Would you please advise us whether we should withhold an amount equal to the alleged unpaid bills or whether we can pay the contractor all but 5% of the contract price."

Article 6674m, Vernon's Civil Statutes, requires the following retainage from final payment of highway construction contracts:

"Said contracts may provide for partial payments to an amount not exceeding ninety-five per

-19-

cent (95%) of the value of the work done. Five per cent (5%) of the contract price shall be retained until the entire work has been completed and accepted, and final payment shall not be made until it is shown that all sums of money due for any labor, materials, or equipment furnished for the purpose of such improvements made under any such contract have been paid."

Article 5160, Vernon's Civil Statutes, requires prime contractors entering into contract with public agencies of the State for public works involving an amount in excess of $2000 to execute a performance bond and a payment bond. Section B of Article 5160 provides:

"Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond. . . ."

Article 5472a, Vernon's Civil Statutes, authorizes one furnishing any material, apparatus, fixtures, machinery, or labor to a contractor under a prime contract for any public improvement not exceeding $2000 to perfect a lien on the money, bonds, or warrants due or to become due to the contractor for the improvement by giving proper and timely notice of unpaid claims to the public official responsible for payment on the contract. The procedure to perfect such a lien is set forth in some detail. Article 5472b, Vernon's Civil Statutes, states:

"That no public official, when so notified in writing, shall pay all of said moneys, bonds or warrants, due said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction."

Under the prior law, one furnishing labor or materials

could proceed against the payment bond (Article 5160) or perfect a lien on money due the contractor under the prime contract (Article 5472a). Since the 1959 amendment, however, actions pursuant to Article 5160 are limited to contracts in excess of $2000 and liens pursuant to Article 5472a are limited to contracts which do not exceed $2000. Acts 56th Leg. 1959, ch. 93, p. 155: See Cacanay Corporation v. Shepherd, 336 S.W.2d 779 (Civ. App. 1960, error dism. w.o.j.).

Considering the 1959 amendment, the question presented is whether the retainage provision of Article 5472b relates exclusively to Article 5472a liens and; as a consequence, is applicable solely to prime contracts not exceeding $2000. Articles 5472a and 5472b were each sections of the same act in their original enactment. Acts 39th Leg. 1925, ch. 17, p.44, secs. 1 and 2. As noted in Metropolitian Casualty Insurance Company v. Cheaney, 55 S.W.2d 555 (1932), both articles were sections of the same act but were codified separately by Vernon's. The two articles are considered by the courts as parts of the same law and as providing a remedy in the nature of a lien or garnishment, which is in addition to that of Article 5160. Smith v. Texas Co., 53 S.W.2d 774 (1932); Massachusetts B. & Ins. Co. v. Farmers & M. State Bank, 139 Tex. 310, 162 S.W.2d 657 (1942); Franklin Bros. v. Standard Mfg. Co., 78 S.W.2d 294 (Civ. App. 1935, writ dism.); U.S. v. Peden Iron & Steel Co., 330 S.W.2d 635 (Civ. App. 1959, error ref. n.r.e.); Cacanay Corporation v. Shepherd, supra.

Further, the 1959 amendment to Article 5472a indicates that the Legislature considered the two articles as parts of the same act and the first section was amended, as follows:

" . . . . Section 1, Chapter 17, Acts of the Thirty-ninth Legislature, 1925 (compiled as Article 5472a, Chapter 2, Vernon's Civil Statutes) is amended. . . ."

In view of the above, we are of the opinion that Article 5472b refers exclusively to unpaid claims for which notice is given in accordance with Article 5472a, and that retainage of funds sufficient to cover such claims is required only where the prime contract does not exceed $2000.

Attorney General's Opinion No. O-6291 (1944) states:

"Articles 5472a, 5472b-1, and 6674m, are

in pari materia and should be construed together. Huddleston & Work v. Kennedy, Civ. App., 57 S.W.2d 255. These Articles, in general, provide additional security for the payment of claims against a contractor in favor of those who furnish any material, equipment or labor to any contractor for any public improvements in this State, by means of either (1) a lien against funds designated for the payment of said contractor, or (2) a bond which the contractor makes in lieu of said lien."

Attorney General's Opinion No. O-4453 (1942) states:

"In the case of Huddleston & Work v. Kennedy, 57 S.W.2d 258 the court held that Article 5160 and Article 6674m were in pari materia."

Smith v. Texas Co., supra, held that the statutes concerning the fixing of claims for materials and labor furnished in the construction of permanent improvements of the State should be liberally construed.

Article 6674m was amended by the Legislature in the same session but later in time than Articles 5160 and 5472a. Acts 56th Leg. 1959, ch. 434, p. 138.

The prior construction that these statutes are in pari materia and should be liberally construed, together with the fact that the amendment of Article 6674m was later in time than the amendment of Articles 5160 and 5472a, compels the conclusion that the Texas Highway Department should retain five percent of the contract price of all highway construction contracts until the work has been completed and accepted and that final payment should not be tendered until a showing is made that all money due for labor and material furnished for the purpose of the project has been paid.

## SUMMARY

Article 5472b requires public officials to retain funds due under prime contracts for public improvements sufficient to cover unpaid claims for which notice is received only in those situations where the amount of the prime contract does

not exceed $2000. Article 6674m requires the Texas Highway Department to retain five percent of the contract price of highway construction contracts until a showing is made that all money due for labor and material furnished for the purposes of the project has been paid.

Sincerely,

WAGGONER CARR
Attorney General of Texas

By  F. R. Booth
    Assistant Attorney General

FRB:ab

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Ben Harrison

Arthur Sandlin

Tom Peterson

Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone