Ken HANSSARD, d/b/a Ken Hanssard Paint and Paper of Mexia, Appellant,

v.

H. J. LEDBETTER, Jr., et ux., Appellees.

No. 5758.

Court of Civil Appeals of Texas, Waco.

Jan. 5, 1978.

W. A. Keils, Jr., Teague, for appellant.

Bill Vannatta and H. J. Ledbetter, Jr., Clark & Vannatta, Waco, for appellees.

## OPINION

JAMES, Justice.

This is a venue case. Plaintiff-Appellees H. J. Ledbetter, Jr. and wife brought this suit against Defendant-Appellant Ken Hanssard, d/b/a Ken Hanssard Paint and Paper of Mexia under the Texas Deceptive Trade Practices—Consumer Protection Act for damages recoverable under that Act for alleged improper installation of wallpaper and overcharge for materials. The Ledbetters filed the suit in McLennan County, the County of their residence where the work done by Hanssard was performed.

Defendant Hanssard filed a plea of privilege to be sued in Limestone County, the County of his residence. Plaintiffs Ledbetter filed their controverting plea to the plea of privilege, invoking Exceptions 7 and 30 of Article 1995, Vernon's Texas Civil Statutes, and Section 17.56 of the Texas Business and Commerce Code, the special venue provision of the Deceptive Trade Practices—Consumer Protection Act.

The trial court after hearing overruled the Defendant Hanssard's plea of privilege, from which he appeals.

More specifically, Plaintiffs alleged four counts or grounds of "false, misleading, or deceptive acts or practices" as authorized under Section 17.46, Texas Business and Commerce Code, and sought relief therefor under the provisions of Section 17.50, Texas Business and Commerce Code.

Subdivision 30 of Article 1995, V.T.C.S. provides:

"Special venue. Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Now, Section 17.56 of the Texas Business and Commerce Code, the special venue provision of the Deceptive Trade Practices—Consumer Protection Act, as it was in effect at the time of the institution of this suit, provided:

"Section 17.56. Venue. An action brought under Section 17.50 or 17.51 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or is doing business."

As stated, Plaintiffs controverted the Defendant's plea of privilege under Subdivisions 7 and 30, Article 1995, V.T.C.S., and Section 17.56 of the Texas Business and Commerce Code. However, Subdivision 7 is not in issue before us, but Subdivision 30, Article 1995 and Section 17.56, Texas Business and Commerce Code, hereinabove quoted, are in issue on this appeal.

At the hearing before the trial court on the plea of privilege, the Plaintiffs introduced proof that the Defendant Hanssard was "doing business" in McLennan County; however, they (the Plaintiffs) offered no proof concerning their cause of action under Sections 17.46 and 17.50 of the Texas Business and Commerce Code.

After overruling the Defendant's plea of privilege, the trial court made findings of fact and conclusions of law, wherein he found that by reference to Plaintiffs' pleadings this suit was brought under the Deceptive Trade Practices—Consumer Protection Act, and that Defendant Hanssard is doing business in McLennan County. Then, based upon these findings the trial court concluded that under Subdivision 30, Article 1995, V.T.C.S., and Section 17.56 of the Texas Business and Commerce Code, venue of this cause properly lay in McLennan County.

Defendant-Appellant Hanssard asserts the trial court erred in overruling his plea of privilege because Plaintiff-Appellees Ledbetter failed to prove their cause of action under Subdivision 30, Article 1995, V.T.C.S. and Section 17.56, Texas Business and Commerce Code. Plaintiff-Appellees on the other hand contend that under these venue provisions they are not required to prove their cause of action, but that they have met their burden by merely proving the Defendant-Appellant is "doing business" in McLennan County, and that their pleadings may be looked to in order to show that this suit is brought under the Deceptive Trade Practices—Consumer Protection Act. In other words, Plaintiff-Appellees are saying that they are not required to prove their cause of action in order to establish venue in McLennan County.

■ Therefore, the precise question before us is this: Since the Plaintiffs alleged a cause of action under the Deceptive Trade Practices—Consumer Protection Act, under Section 17.46 and 17.50, and then proved only that the Defendant is "doing business" in McLennan County, can the Plaintiffs establish venue in McLennan County against the non-resident Defendant? Stated differently, are Plaintiffs required to prove their cause of action in order to sustain venue?

The only two cases in which this problem has been squarely dealt with under Section 17.56 as it existed at the time of institution of this suit, insofar as we have been able to ascertain, are *Doyle v. Grady* (Texarkana Tex.Civ.App.1976) 543 S.W.2d 893, no writ, and *Hudson and Hudson Realtors v. Savage* (Tyler Tex.Civ.App.1976) 545 S.W.2d 863, no writ. Both of these cases held that under the venue provision of the Deceptive Trade Practices—Consumer Protection Act, the plaintiff must follow the general rule and *both plead and prove* a cause of action to support venue. Also see *Sundowner Manufacturing Co. v. Kinman* (Texarkana Tex. Civ.App.1976) 536 S.W.2d 642, no writ.

Effective May 23, 1977, the Legislature amended said Section 17.56 so that same now reads as follows:

"An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."

■ Plaintiff-Appellees contend, as we understand it, that the amended Section 17.56 as hereinabove-quoted relieves them of the responsibility of having to prove a cause of action under the Deceptive Trade Practices Act. We cannot agree with this contention, because Plaintiff-Appellees filed this suit on September 13, 1976, a time prior to the effective date of the amended Section 17.56, to wit, May 23, 1977. This being so, the case at bar is governed by Section 17.56 as it existed prior to the amendment of May 23, 1977; in other words, it is governed by the old statute instead of the new statute.

It seems to be a well-settled rule of law that venue of an action is controlled by the law in effect at the time of the institution of the suit. *Cacanay Corp. v. Shepherd* (Houston Tex.Civ.App.1960) 336 S.W.2d 779, writ dismissed w. o. j.; *Atkins v. Wheeler* (Austin Tex.Civ.App.1957) 307 S.W.2d 294, writ dismissed w. o. j.; *Holt v. Wheeler* (Galveston Tex.Civ.App.1957) 301 S.W.2d 678, writ dismissed w. o. j.; *Genecov v. Marcus* (Dallas Tex.Civ.App.1955) 285 S.W.2d 872, no writ; 59 Tex.Jur.2d, "Venue," Sec. 13, p. 381.

We therefore hold that Section 17.56 as amended effective May 23, 1977, does not apply to the case at bar, and therefore we express no opinion concerning the construction of said statute.

■ Under our view of the case that the old Section 17.56 governs the case at bar, we are of the opinion that the holdings in *Doyle v. Grady,* supra, and *Hudson and Hudson Realtors v. Savage,* supra, are applicable to the instant case and should be followed, and that Plaintiff-Appellees Ledbetter are required to prove their cause of action. We therefore sustain Defendant-Appellant's contentions in this regard, reverse the trial court's order, and remand the cause to the trial court for a further development of the record.

Defendant-Appellant strenuously insists that the cause should be reversed and rendered and transferred to Limestone County, instead of being reversed and remanded. We cannot do this, because under the rule laid down by our Supreme Court in *Jackson v. Hall* (Tex.1948) 147 Tex. 245, 214 S.W.2d 458, where the record is not fully developed, it is our duty to remand.

We therefore reverse and remand the cause to the trial court for further development of the record.

REVERSED AND REMANDED.