**C.B. FRANCIS, Appellant,**

v.

**Bill WAKEFIELD, Appellee.**

**No. 05–82–01231–CV.**

Court of Appeals of Texas, Dallas.

Feb. 9, 1983.

Owen L. Roberts, Austin, for appellant.

Douglas W. Brady, Dallas, for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

This appeal, from an order denying a plea of privilege, appears to be a case of first impression. For the reasons stated below, we reverse.

In his first point of error, Francis contends the trial court erred in holding that Francis' plea of privilege was not filed in accordance with Rules 14 and 86 of the Texas Rules of Civil Procedure.

Rule 86 in pertinent part provides:

A plea of privilege to be sued in the county of one's residence shall be in writing and sworn to ...

Rule 14 provides:

Whenever it may be necessary or proper for any party to a civil suit or proceeding to make an affidavit, it may be made by either the party or his agent or his attorney.

Wakefield's argument, both below and here, is that the plea was defective because the affidavit attached to the plea was signed by an attorney other than the attorney of record.

The Rules of Civil Procedure do not require affidavits to be signed only by attorneys of record. Moreover, we have found no case, and none is cited, that holds that a plea of privilege must be signed by an attorney of record.

In the instant case, the pleadings were signed by a trial attorney of the firm of Graves, Dougherty, Hearon, and Moody while the affidavit attached to the plea was signed by another attorney in the same firm. In the affidavit, the affiant swears he is an attorney for Francis in the cause and authorized to make the affidavit. Under these circumstances, we hold that the plea of privilege was not defective. This was sufficient to require Wakefield to go forward with evidence supporting his controverting plea.

The record reflects that Wakefield failed to present evidence to support his other allegations of venue in Dallas County because of the trial court's ruling that the plea of privilege was defective. Since the record was not fully developed in reliance on the trial court's erroneous ruling, we must reverse and remand for a new hearing on the plea of privilege. *See Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458 (1948); *Hanssard v. Ledbetter,* 561 S.W.2d 34 (Tex. Civ.App.—Waco 1978, no writ); *Skidmore v. Cook,* 417 S.W.2d 79 (Tex.Civ.App.—San Antonio 1967, writ dism'd).

Because the first point of error is dispositive of the case, we do not address Francis' second point.

Reversed and remanded. Costs taxed against appellee.